UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANDRÉ SMITH,

                Plaintiff,        MEMORANDUM & ORDER

-vs-

COMMISSIONER GLENN S. GOORD, *et al.*      07-CV-6265-CJS-MWP

               Defendants.

    **Siragusa, J.** This case is before the Court on plaintiff's motion (# 4) docketed on June 8, 2007, seeking the following relief:

> A preliminary injunction and Temporary Restraining Order to insure that excessive force and physical abuse complaints by prisoners are eliminated and to insure that 24-hr. surveillance cameras are installed each housing units and gallery in the Southport correctional facility and to insure that corrections officers, who are current active or reserve members of the United States military, to [sic] participate in a mental health evaluation every month to insure that they are mentally capable of dealing with prisoners in a solitary confinement environment and to insure that the plaintiff is transferred back to the Attica correctional facility to separate the plaintiff from the three officers in the Southport correctional facility who physically assaulted him on July 5th, 2005.

(Application, at 1-2.)

    Before the Court can consider issuing a temporary restraining order under Federal Rule of Civil Procedure 65, it must find that,

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). Further, to grant either a temporary restraining order or a preliminary injunction, plaintiff must make a showing of: (1) irreparable harm; and either (2) likelihood of success on the merits; or (3) sufficiently serious questions going to the merits to make them

a fair ground for litigation; and (4) a balance of hardships tipping decidedly in favor of the movant. *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). In the Second Circuit, the standard for a temporary restraining order is the same as for a preliminary injunction. *See Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y. 1997) (citations omitted). When a moving party seeks affirmative relief that will alter that status quo, or provide substantially all the relief to which he would be entitled if he won his lawsuit, the Second Circuit has said that,

> a mandatory injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id.* (internal quotations and citations omitted); *see also SEC v. Unifund SAL*, 910 F.2d 1028, 1039 (2d Cir.1990) (injunction going beyond preservation of status quo requires "a more substantial showing of likelihood of success"); *Jacobson & Co. v. Armstrong Cork Co.*, 548 F.2d 438, 441 (2d Cir.1977). The "clear" or "substantial" showing requirement-the variation in language does not reflect a variation in meaning-thus alters the traditional formula by requiring that the movant demonstrate a greater likelihood of success. *See Unifund SAL*, 910 F.2d at 1039.

*Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995) (quoting *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir.1985)).

Plaintiff alleges that he was physically assaulted by three officers on July 5, 2005, at the Southport correctional facility. He further alleges that all three officers continue to work there and that an inmate with the last name of Williams is currently incarcerated at Southport and that he testified against Williams. He claims to be experiencing "personal humiliation and mental anguish and distress knowing that I am in the proximity of three officers that physically assaulted me, and a prisoner that I testified against in December 2005." (Application, at 3.) He further asserts that there is a high probability that he will be retaliated against because of the current civil lawsuit and fears that his legal mail could be

destroyed or tempered with, or both. (Application, at 4.) In his accompanying memorandum of Law, plaintiff argues that he is entitled to injunctive relief because he continues to suffer from the injuries inflicted upon him by the July 5, 2005, assault. He further alleges that there is a "militia" in Southport consisting of either effective reserve members of United States military, "physically abusing Muslim prisoners...." (Plaintiff's Mem., at 6.)

Plaintiff's allegations, while specific, rely on speculation to reason that he faces irreparable harm, the threshold inquiry for issuance of temporary or preliminary injunctive relief. Further, since defendants have not yet answered, and, indeed, have not even appeared[1] in the suit, the Court cannot ascertain plaintiff's likelihood of success. In addition, plaintiff has not provided any information on whether he has contacted officials at Southport. Consequently, the Court concludes that it does not clearly appear from specific facts shown by affidavit or by verified complaint that, in the absence of a temporary restraining order, immediate and irreparable injury, loss, or damage will result to plaintiff. Accordingly, it is hereby

ORDERED, that plaintiff's motion for injunctive relief (# 4) is denied without prejudice.

IT IS SO ORDERED.

Dated:   July 30, 2007
         Rochester, New York

ENTER:   _____
         CHARLES J. SIRAGUSA
         UNITED STATES DISTRICT JUDGE

---

[1] Summons were issued on June 27, 2007, and no proof of service has been filed as of the date of this Order.