UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDRÉ SMITH,

                        Plaintiff,

-vs-

                                                                       07-CV-6265-CJS

COMMISSIONER GLENN GOORD; ACTING
SUPERINTENDENT L. MCNAMARA;                     ORDER
CORRECTIONS OFFICER AUGUSTINE;
CORRECTIONS OFFICER J. GILBERT;
CORRECTIONS OFFICER T. HABLE,,

                        Defendants.

---

**Siragusa, J.** Before the Court is the motion to dismiss by defendants Glenn S. Goord and Acting Superintendent L. McNamara (Docket No. 9) for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the motion is granted.

In his complaint, Plaintiff claims that Defendants Goord and McNamara failed to protect him from harm at Southport Correctional Facility, where he was allegedly assaulted on July 5, 2005, by defendant Corrections Officers Augustine, Gilbert and Hable. He further claims that defendants Goord and McNamara knew of the history of violence by staff against inmates (Compl. ¶¶ 25-35) and that Southport is connected with illegal military training in support of the war in Iraq.

**Federal Rule of Civil Procedure 12**

Recently, the U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955 (May 21, 2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 1964-65 (citations and internal quotations omitted). *See also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 2007 WL 1717803 (2d Cir. Jun. 14, 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)  When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000).  On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(citing *In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)).

**Establishing Liability under 42 U.S.C. § 1983**

A plaintiff may not rely on the doctrine of *respondeat superior* to establish liability in a § 1983 action. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95 (1978). "The bare fact that [Defendants Goord and McNamara] occupie[d] a high position in the New York prison hierarchy is insufficient to sustain [Plaintiff's] claim." *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995).

A prerequisite for liability under § 1983 is personal involvement by the defendants in the alleged constitutional deprivation. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).  As the Second Circuit held *Sealey v. Giltner*, 116 F.3d 47 (2d Cir. 1997):

> A supervisory official is liable for constitutional violations if he or she (1) directly participated in the violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; or (4) was grossly negligent in supervising subordinates who caused the violation.

*Sealey*, 116 F.3d at 51 (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).

**ANALYSIS**

Defendants rely on the district court's decision in *Warren v. Goord*, 476 F. Supp. 2d 407 (S.D.N.Y. 2007). There, the district court summarized the applicable law in a Federal Rule of Civil Procedure 12(b)(6) motion pending in a case where the plaintiff was injured by another inmate and he alleged that the prison failed to adequately protect him:

> To state a cognizable failure to protect claim under § 1983, the inmate must demonstrate that two conditions are met. First, for a claim "based on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. [*Farmer v. Brennan*,

> 511 U.S. 825, 834 (1994)] (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). Second, the inmate must show that prison officials acted with "deliberate indifference" to the safety of the inmate. *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Morales v. New York City Dep't of Corrections*, 842 F.2d 27, 30 (2d Cir. 1988). The test for deliberate indifference is twofold: To act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Hayes*, 84 F.3d at 620 ("[A] prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." (citing *Farmer*, 511 U.S. at 847)).

Warren, 476 F. Supp. 2d at 410. In order to determine whether the complaint meets these requirements, the Court must review the factual allegations in the light most favorable to Plaintiff. The following excerpts pertain to the claims against Defendants Goord and McNamara:

> From April 29th, 2005 to July 5th, 2005, defendant C.O. Augustine walked by the plaintiff's cell approximately 25 to 30 different occasions making negative remarks about the plaintiff's lawsuit against Commissioner Glenn Goord. Defendant C.O. Augustine's negative remarks ranged from "Your [sic] a fucking Bin Laden wanna-be. Your [sic] going to get yourself into a lot [sic] of trouble["] to "Your [sic] a fake freedom fighter", to "fuck Muslims" (Compl. ¶ 7)….
>
> The defendant[]s C.O. T. Hable, C.O. J. Gilbert and C.O. Augustine tried to cover-up their misconduct by writing a misbehavior report on the plaintiff claiming that he assaulted the officers which is why they had to use force against the plaintiff (Compl. ¶ 15)….
>
> Eventually, the misbehavior report was dismissed during the disciplinary hearings after an investigation concluded that the defendants C.O. T. Hable, C.O. J. Gilbert and C.O. Augustine were in [sic] misconduct on July 5th, 2005 and that the plaintiff displayed no wrongdoing on July 5th, 2005 (Compl. ¶ 16.)….

> The plaintiff filed grievances related to the fact that he was assaulted… (Compl. ¶ 17).
>
> After the July 5th, 2005 incident[,] the plaintiff received numerous threats from other officers claiming that more beatings would come if the plaintiff "continued to file grievances about the July 5th, 2005 assault" (Compl. ¶ 25).
>
> The Southport Correctional Facility has a long history of corrections officer brutality cases. Defendant Commissioner Glenn Goord is well aware of the countless officer brutality complaints that come from the Southport Correctional Facility but has done nothing to solve this serious problem. Since the defendant Commissioner Glen Goord is in charge of the daily operations of the New York State Department of Correctional services[,] his failure to act in regards to these officer brutality complaints basically has the effect of creating a policy of permitting excessive force, inadequate officer training and the brutality [sic] of inmates (Compl. ¶ 25.)

The Court determines that Plaintiff's allegations do not allege that either defendant acted with deliberate indifference towards Plaintiff's safety. Plaintiff's speculation that since Goord is in charge of the Department of Corrections, and he has knowledge of the dangerous generally dangerous conditions at Southport Correctional Facility, he must have known that three corrections officers were going to assault Plaintiff. Plaintiff does nothing more than rely on Goord's position to assess his liability for the alleged acts of three corrections officers. His complaint does not allege sufficient facts "'to raise a right to relief above the speculative level.'" *ATSI Communications, Inc.*, 493 F.3d at 98 (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted).

## CONCLUSION

The motion (# 9) to dismiss with regard to claims against Defendants Commissioner Goord and Acting Superintendent McNamara is granted, and the claims against those two defendants are dismissed. The remaining claims may go forward as plead.

IT IS SO ORDERED.

Dated: February 11, 2008
       Rochester, New York

                    ENTER:

                            /s/ Charles J. Siragusa
                            CHARLES J. SIRAGUSA
                            United States District Judge