UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANDRE SMITH,

       Plaintiff,

vs.                                                      DECISION AND ORDER
                                                         07-CV-6265

CORRECTIONS OFFICER AUGUSTINE, et al.,

       Defendants.

_____

**Siragusa, J.**  Before the Court is Plaintiff's *pro se* letter request,[1] dated October 19, 2011, which the Court construes as one for reconsideration of the Court's Decision and Order entered on August 31, 2011, ECF No. 56, which granted partial summary judgment to Defendants. Plaintiff contends although he did not exhaust administrative remedies through the New York State Department of Correctional and Community Services grievance procedures, he did through other channels.

As the Fifth Circuit has recognized, "[t]here is no motion for 'reconsideration' in the Federal Rules of Civil Procedure. *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998). Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to

---

[1] The letter request does not indicate that it has been served on opposing counsel. The Court is aware that Plaintiff is currently incarcerated in the State of California on a felony conviction there, and may be in transit. Accordingly, the Court will excuse Plaintiff's failure to serve opposing counsel and will send a copy of the letter request to counsel.

alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)."The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Further, a motion for reconsideration pursuant to Rule 59(e) must be filed within ten days of the district court's judgment. *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000).

Here, the letter application was received by the Court on November 3, 2011, and postmarked on October 31, 2011. Since the Court's Decision and Order was docketed on August 31, 2011, this letter request does not qualify for consideration under Rule 59(e). Considering it under Rule 60(b), the Court determines that Plaintiff has not met the strict standard for reconsideration, and denies his request. The issue Plaintiff raises was thoroughly addressed by the Court in its Decision and Order, at 7–9, ECF No. 56. Plaintiff, in his letter application, refers to a grievance SPT 34*8*04, whereas the documents before the Court showed that the grievance was SPT 34*0*84. *Id*. at 8–9. The Court stated in its prior Decision that, ", the law is clear that a litigant cannot create a material issue of fact by filing an affidavit that contradicts his deposition testimony." *Id*. at 10. Plaintiff's letter application attempts to do just that. Accordingly, it is hereby,

ORDERED, that Plaintiff's letter application, dated October 19, 2011, and postmarked on October 31, 2011, shall be docketed by the Clerk as a motion for reconsideration and served on opposing counsel via the Court's Electronic Case Filing

system; and it is further

ORDERED, that Plaintiff's letter application for reconsideration, ECF No. 61, of the Court's Decision and Order, ECF No. 56, granting partial summary judgment to Defendants, is denied.

It Is So Ordered.

DATED:   December 1, 2011
         Rochester, New York

                              ENTER.

                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge