```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

ANDRÉ SMITH,

        Plaintiff,                       **DECISION AND ORDER**
                                                 **No. 07-CV-6265(MAT)**

    -vs-

COMMISSIONER GLENN GOORD, ACTING
SUPERINTENDENT L. McNAMARA,[1]
CORRECTIONS OFFICER AUGUSTINE,
CORRECTIONS OFFICER J. GILBERT,
CORRECTIONS OFFICER T. HABLE,

        Defendants.

_____

## I.  Introduction

André Smith ("Smith" or "Plaintiff"), proceeding pro se and in forma pauperis, commenced this action pursuant to 42 U.S.C. § 1983, complaining of a violation of his civil rights by prison officials at Southport Correctional Facility ("Southport") and seeking recovery of compensatory and punitive damages. (Dkt. #1). With the permission of the Court (Siragusa, D.J.), defendants have filed a second motion for summary judgment (Dkt. #62), and Plaintiff has submitted a response (Dkt. #65). This matter was transferred to the undersigned on January 10, 2012. (Dkt. #64). For the reasons that follow, defendants' motion is granted and the complaint is dismissed in its entirety.

_____

[1] In a Decision and Order entered on February 11, 2008 (Dkt. #19), Judge Siragusa Court dismissed the claims against Commissioner Goord and Acting Superintendent McNamara.

**II. Background**

    **A. The July 5, 2005 Use-Of-Force Incident and Plaintiffs' Grievances**

At about 7:45 a.m. on July 5, 2005, Corrections Officer ("CO") Timothy Hable ("Hable"), who was accompanied by CO James Gilbert ("Gilbert"), handcuffed Smith through the food slot of his cell-door as part of the procedure for allowing Smith to exit his cell for recreation hour, and instructed him, according to the standard practice, to turn his back to the cell door. Plaintiff contends that Hable and Gilbert opened the cell door, rushed into the cell, and began beating him. Smith also asserts that several minutes into the beating, CO Richard Augustine ("Augustine") arrived and punched him in the face twice. The photos taken after the assault show Smith with massive swelling on all parts of his head as well as several lacerations. Smith v. Goord, No. 07-CV-6265-CJS, 2009 WL 3213289, at *1 (W.D.N.Y. Aug. 27, 2009) (Siragusa, D.J.) (Dkt. #56) (citation to record omitted). Smith, who appears to be semi-conscious, is being propped up by two guards for the camera. Id.

According to the report filed by prison staff, Smith while being let out of his cell for exercise, turned to his right and-unprovoked-kicked Gilbert in his left shin. See Use Of Force Report, attached to the Declaration of Karen Bellamy ("Bellamy Decl.") (Dkt. #48). As Hable attempted to push Smith into his cell, Smith hit Hable in the chest with a closed fist and his

restraints. Id. Gilbert applied a "bear hug" to Smith's upper body, forcing him to the floor face-first. Id. Hable assisted Gilbert by grabbing Smith's left upper torso with his hands. Augustine applied a "figure four" leg-lock and CO Evans (not a defendant in this action) applied leg irons and the waist chain with assistance from Hable. The corrections officers all denied using excessive force against Smith. Id.

As a result of the incident, Smith was charged with violent conduct, assault on staff, interference with an employee, and refusing a direct order. However, on July 13, 2005, he was found not guilty on all charges at a Tier III hearing. Smith, 009 WL 3213289, at *1 (Dkt. #56). Aside from a one-page hearing record sheet, Southport has no other record of the proceeding. Id.

Smith filed a grievance, SPT-34084-05, on July 5, 2005, alleging the following:

> On July 5th, 2005, as I was attempting to go to recreation, I was assaulted by three C.O.s (correctional officers) in A-Block, 12 Gallery. These three officers ran in my cell, without a seargant [sic] being present and hit me 20 times in the face.
> I currently have a lawsuit pending against Commissioner Glenn Goord. I believe this assault was done in retaliation to my lawsuit and was meant to intimidate me.

Plaintiff's Exhibit ("Pl. Ex.") H (Dkt. #53). Plaintiff also submitted a handwritten memorandum from a "Sgt. Sampsell" dated August 5, 2005, in which the sergeant reported that he interviewed Plaintiff and three witnesses. Id.

In a written decision dated August 20, 2005, an acting

superintendent (whose signature is illegible) at Southport denied Plaintiff's grievance stating that he found no evidence to substantiate the allegations asserted in the grievance. Smith, 2009 WL 3213289, at *2 (Dkt. #56).

Plaintiff did not appeal this denial but instead filed a second grievance (SPT-34335-05) on August 4, 2005, against Superintendent Michael P. McGinnis ("McGinnis"), and Deputy Superintendent for Security P. Chappius, Jr. ("Chappius"). See Grievance SPT-34335-05, Aug. 2, 2005, at 2-3, Pl. Ex. I (Dkt. #53). SPT-34335-05 sought redress against McGinnis and Chappius for rejecting Smith's first grievance and for failing to adequately investigate his allegations of retaliation and excessive use of force. The relief requested was for McGinnis and Chappius to "properly investigate" the first grievance. Id. at 3.[2] This grievance was denied, and Plaintiff's appeal to the Central Office Review Committee ("CORC") was unsuccessful.

**B.  The First Summary Judgment Motion and the Claims Presently Pending Before This Court**

In support of their first motion for summary judgment, defendants submitted evidence establishing that SPT-34084-05 was not appealed, see Bellamy Decl., ¶¶4-5 & Exhibit ("Ex.") A, and refuted Plaintiff's assertion in a post-deposition filing that he

---

[2] Defendants have submitted proof, e.g., a declaration from the director of the Inmate Grievance Program at the New York State Department of Corrections, establishing that this grievance was appealed to CORC and therefore is exhausted for purposes of this litigation. See Bellamy Decl., ¶¶4-5 & Ex. A (Dkt. #48).

filled out all the necessary paperwork to appeal this decision to the CORC, but Southport's Inmate Grievance Resolution Committee ("IGRC") did not process his appeal. Because Smith failed to appeal the first grievance (SPT-34084-05) to the CORC, Judge Siragusa therefore granted summary judgment to defendants on any claims stemming from SPT-34084-05. Specifically, Judge Siragusa dismissed Plaintiff's claims that defendants Augustine, Hable, and Gilbert used excessive force against him in violation of the Eighth Amendment. Smith, 2009 WL 3213289, at *6 (Dkt. #56).

As Judge Siragusa found, the alleged July 5, 2005 assault, "though mentioned by the superintendent in his response to the August grievance [SPT-34335-05], was not challenged [by Plaintiff] in the August grievance." Smith, 2009 WL 3213289, at *5 (Dkt. #56) (citing Grievance SPT-34335-05, Aug. 2, 2005, at 2-3, Pl. Ex. I (Dkt. #53)).[3] Judge Siragusa interpreted SPT-34335-05 as challenging the allegedly inadequate investigation into the July 5, 2005 assault, as well as a claim that Augustine verbally harassed Smith regarding his pending lawsuits and his character and religion. Smith, 2009 WL 3213289, at *5 (Dkt. #56). Noting that Plaintiff's claims in this lawsuit were that Defendants used excessive force in violation of his Eighth Amendment rights, and

---

[3] For instance, in a paragraph of the August grievance which Plaintiff labeled "Action Requested," he wrote, "I would appreciate it if you would contact Superintendent McGinnis and Deputy Chappus [sic] and ask them to investigate my claims and *properly investigate* this situation." Id. (quoting SPT-34335-05, Aug. 2, 2005, at 3) (emphasis supplied).

that the fully exhausted grievance did not challenge the alleged assault by Augustine, Hable, and Gilbert, Judge Siragusa found that the "fully exhausted August grievance does not support Plaintiff's Eighth Amendment excessive force claims against Defendants and those claims must be dismissed." Id. at *6 (Dkt. #56). Judge Siragusa stated that "[a]ny remaining claims may go forward, as limited by the scope of Plaintiff's fully-exhausted grievance SPT-3433-05, dated August 4, 2005." Smith v. Goord, No. 07-CV-6265-CJS, 2009 WL 3213289, at *6 (W.D.N.Y. Aug. 27, 2009). Smith v. Goord, 2009 WL 3213289, at *5.

Judge Siragusa granted defendants permission to file a second motion for summary judgment, in which they now argue that any claim pertaining to an allegedly deficient investigation must fail because the individuals who failed to investigate (Chappius and McGinnis) are not defendants in this lawsuit and, in any event, there is no liability under 42 U.S.C. § 1983 for an inadequate investigation of a prisoner's grievance. With regard to the claim of verbal harassment by Augustine, defendants argue that Smith's allegations do not state a cognizable constitutional violation.

In his response, Plaintiff asserts that his exhausted grievance (SPT-34335-05) includes the following three claims: (1) a Fourteenth Amendment Equal Protection Clause claim; (2) a Fourteenth Amendment Equal Protection Clause claim; and (3) a First Amendment retaliation claim. Plaintiff did not submit any argument

in support of these assertions. He requested that the Court schedule a pre-trial conference so that the parties might discuss settlement possibilities and trial-management matters.

**III. Discussion**

    **A.  General Legal Standards**

        **1.  Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. Unrepresented litigants are entitled to "a certain liberality with respect to procedural requirements." Mount v. Book-of-the-Month Club, Inc., 555 F.2d 1108, 1112 (2d Cir. 1977); see also Moates v. Barkley, 147 F.3d 207, 209 (2d Cir. 1998) ("[P]ro se litigants are afforded some latitude in meeting the rules governing litigation[.]") (citations omitted).

### 2. 42 U.S.C. § 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . for redress.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. E.g., Dwares v. City of N.Y., 985 F.2d 94, 98 (2d Cir. 1993).

### B. Plaintiff's Claim of Verbal Harassment Against Augustine

According to Smith, prior to the use-of-force incident, CO Augustine had made several insulting comments about him, including "Your [sic] a fake freedom fighter"; and "You Muslims are pieces of shit." Grievance SPT-34335-05, Aug. 2, 2005, at 1, Pl. Ex. I (Dkt. #53)). Plaintiff claims that CO Augustine implicitly threatened him by stating, "You better drop that lawsuit against Goord". Id.

"'Verbal harassment itself does not rise to the level of a constitutional violation. Verbal abuse, vulgarity, and even threats are insufficient to rise to the level of constitutional violations.'" Tafari v. McCarthy, 714 F. Supp.2d 317, 365 (N.D.N.Y.

2010) (quoting DeJesus v. Tierney, No. 9:04-CV-298, 2006 U.S. Dist. LEXIS 22949, 2006 WL 839541, at *33 (N.D.N.Y. Mar. 28, 2006) (citing Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986) ("The claim that a prison guard called Purcell names also did not allege any appreciable injury and was properly dismissed.") (citation omitted)) and citing Ramirez v. Holmes, 921 F. Supp. 204, 210 (S.D.N.Y. 1996) ("Allegations of threats or verbal harassment, without any injury or damage, do not state a claim under 42 U.S.C. § 1983"); footnote omitted). Because Smith did not suffer any injuries as a result of Augustine's alleged verbal harassment, he cannot sustain a claim under 42 U.S.C. § 1983. Therefore, the verbal harassment claim against Augustine is dismissed.

**B.   Plaintiff's First Amendment Retaliation Claim**

As noted above, Plaintiff has asked the Court to construe his grievance SPT-34335-05 as including a "First Amendment Retaliation Claim" which is "detailed in the Complaint." The Court has reviewed the Complaint, and the only allegations that relate to a First Amendment claim are that Augustine destroyed Smith's legal documents after he filed the first grievance; and that Augustine, Hable, and Gilbert assaulted Smith on July 5, 2005, in retaliation for filing a lawsuit. See Complaint, ¶¶17-20, 22 (Dkt #1). With regard to the destruction of his legal documents, Smith indicates that he filed a grievance (not SPT-34335-05, which is the only grievance at issue in this litigation), asserting that he was

hindered in completing discovery in another civil rights lawsuit pending in this district. Smith claims that Augustine was found to have committed misconduct by failing to properly inventory Smith's belongings. Id., ¶¶19-20 (Dkt #1).

This claim of First Amendment retaliation is not properly before the Court. As Judge Siragusa determined, the only claims presently pending are those that can be discerned from the second grievance, SPT-34335-05. By Plaintiff's own admission, the alleged destruction of Plaintiff's legal documents was grieved in another administrative proceeding and therefore is outside the scope of this litigation. Accordingly, it is dismissed.

With regard to the claim that the assault by Augustine, Hable, and Gilbert, constituted retaliatory treatment, this claim likewise is not properly before the Court. The only claims that are pending before the Court are those presented in the second grievance. The alleged assault by Augustine, Hable, and Gilbert was grieved in the first grievance, which was found to be unexhausted. It was not grieved in the fully exhausted grievance. Therefore, Plaintiff's claim of retaliation arising from the corrections officers' assault must be dismissed.

    C.    **Plaintiff's Equal Protection Claim**

Plaintiff has asked the Court to find that grievance SPT-34335-05 includes an equal protection claim, which he asserts is "detailed in the Complaint." The allegations in the Complaint that

pertain to an Equal Protection claim are that the July 5, 2005 assault by Augustine, Hable, and Gilbert was a violation of his right to equal protection under the laws. See Complaint, ¶21 (Dkt. #1).

Again, this claim is not properly before the Court. The only claims that are pending before the Court are those presented in the second grievance. The alleged assault by Augustine, Hable, and Gilbert was addressed in the first grievance which was found to be unexhausted. Therefore, Smith's claim that the corrections officers' assault of him violated his right to equal protection under the laws must be dismissed.

**D.    Plaintiff's Due Process Claim**

Plaintiff has requested the Court find that grievance SPT-34335-05 includes a due process claim, which he asserts is "detailed in the Complaint." The only allegation in the Complaint that pertain to a due process claim is a statement that the July 5, 2005 assault by Augustine, Hable, and Gilbert was a violation of his right to due process. See Complaint, ¶21 (Dkt. #1).

As with the equal protection and retaliation claims, the due process claim is not properly before the Court because the underlying due process violation (the assault) was addressed in the first grievance which was found to be unexhausted. Therefore, Smith's due process claim stemming from the corrections officers' assault must be dismissed.

**E.   The Claim of Inadequate Investigation Against McGinnis and Chappius**

At the conclusion of SPT-34335-04, Plaintiff wrote, "I have asked Superintendent McGinnis and Deputy Chappius, Jr. to investigate this situation [the July 5, 2005 incident involving Augustine, Gilbert, and Hable]." The relief requested by Plaintiff was as follows: "I would appreciate it if you would contact Superintendent McGinnis and Deputy Chappius and ask them to investigate my claims and properly investigate this situation." As defendants point out, McGinnis and Chappius were not named as defendants in this lawsuit, and Plaintiff does not explicitly discuss them in his Complaint. He does, however, impute their alleged deficient investigation to their supervisors, dismissed defendants Goord and McNamara.

"A prerequisite to recovery under the Civil Rights Act, 42 U.S.C. § 1983, is that the plaintiff prove that the defendants deprived him of a right secured by the Constitution and the laws of the United States." Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (citing Martinez v. California, 444 U.S. 277, 284 (1980)). The Supreme Court has held that "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." DeShaney v. Winnebago Soc. Servs., 489 U.S. 189, 196 (1989). Denying a claim that the police failed to conduct a full and fair

-12-

investigation into plaintiff's son's death, which occurred while he was trespassing on a construction site, the Ninth Circuit noted in Gomez that it could "find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim *unless there was another recognized constitutional right involved*." 757 F.2d at 1006 (citation omitted; emphasis supplied); see also Bernstein v. New York, 591 F. Supp.2d 448, 460 (S.D.N.Y. 2008) ("'There is . . . no constitutional right to an investigation by government officials.'")(quoting Nieves v. Gonzalez, No. 05 Civ. 17, 2006 WL 758615, at *4 (W.D.N.Y. Mar. 2, 2006) (quoting Bal v. City of New York, No. 94 Civ. 4450, 1995 WL 46700, at *2 (S.D.N.Y. Feb. 7), aff'd, 99 F.3d 402 (2d Cir. 1995)) (alterations in Nieves)).

Here, Smith has made no showing that the alleged failure to investigate was due to constitutionally impermissible reasons–for instance, his race, ethnicity, or religion, so as to implicate the equal protection clause. Because he has failed to "state facts that constitute the infringement of a protected right," Gomez, 757 F.2d at 1006, Smith does not have a cognizable § 1983 claim based upon the failure to investigate, see id. Accord, e.g., Faison v. Hash, 03-CV-6475P, 2004 WL 944523, at *2-3 (W.D.N.Y. Apr. 23, 2004) (granting motion to dismiss prisoner's § 1983 claim that prison officials failed to properly investigate his request to be placed in protective custody) (citation omitted); Lewis v. Gallivan, 315

F. Supp.2d 313, 317 (W.D.N.Y. 2004) (holding that inmate-plaintiff had "no cognizable claim" that the sheriff and district attorney's office "were under an obligation to investigate or prosecute" plaintiff's claims that correctional officers had threatened him). Smith's claim pertaining to an inadequate investigation by prison officials into grievance SPT-34335-05 must be dismissed.

**IV. Conclusion**

For the foregoing reasons, defendants' second motion for summary judgment (Dkt. #62) is granted and Plaintiff's complaint (Dkt. #1) is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

/s/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

DATED:   February 27, 2012
         Rochester, New York