UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDRE SMITH,

                Plaintiff,

        v.

COMMISSIONER GLENN GOORD, et al.,

                Defendants.
_____

DECISION & ORDER

07-CV-6265CJS

        On May 24, 2007, *pro se* plaintiff Andre Smith ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants committed various constitutional violations, including retaliation, excessive force and failure to protect the plaintiff from harm. (Docket # 1). On February 11, 2008, plaintiff's claims against Commissioner Goord and Acting Superintendent McNamara were dismissed. (Docket # 19). On August 31, 2009, plaintiff's Eighth Amendment excessive force claims against Officer Augustine, Officer Gilbert and Officer Hable were dismissed. (Docket # 56). On February 28, 2012, all of plaintiff's remaining claims were dismissed (Docket # 66) and judgment dismissing the complaint in its entirety was entered on February 29, 2012. (Docket # 67). On July 17, 2012, plaintiff filed a notice of appeal. (Docket # 71). On that same date, plaintiff filed the pending motion to appoint appellant counsel. (Docket # 72).

        Plaintiff's motion for appointment of counsel seeks counsel to assist him with his appeal and was filed the same day that plaintiff filed a notice of appeal. "[T]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."

*Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53 (2d Cir. 2004) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)), *cert. denied*, 544 U.S. 1044 (2005).  Thus, plaintiff's "notice of appeal divests this Court of jurisdiction to consider his motion for the appointment of appellate counsel." *McBride v. Lafler*, 2012 WL 3578736, *2 (E.D. Mich. 2012); *see Ashley v. Wilson*, 2010 WL 1949630, *1 (E.D. Mich. 2010) (denying motion for appointment of appellate counsel because only court of appeals had authority to appoint appellate counsel); *see Stevenson v. Gusman*, 2009 WL 1421842, *1 (E.D. La. 2009) (no jurisdiction to determine motion to appoint appellate counsel).  Accordingly, plaintiff's motion for the appointment of counsel **(Docket # 72)** is **DENIED**.

**IT IS SO ORDERED.**

        *s/Marian W. Payson*
         MARIAN W. PAYSON
         United States Magistrate Judge

Dated:  Rochester, New York
       February   14  , 2013